UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

**MYTHALY MELAGRO PIERRE LOUIS**

    **Plaintiff,**

vs.

**WAL-MART ASSOCIATES, INC.**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, MYTHALY MELAGRO PIERRE LOUIS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WAL-MART ASSOCIATES, INC. ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, interest, and costs; and therefore, this action is within the jurisdiction of this Court. This action is brought by the Plaintiff for declaratory and injunctive relief and damages pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), and to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"), to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, color, pregnancy and for retaliation in a hostile work environment.

2. Defendant is a Foreign Profit Corporation, authorized to conduct business in Lee County, Florida, where Plaintiff worked for Defendant.

3. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

1

4. Plaintiff, at all times relevant to this action, is a resident of Lee County, Florida.

5. Plaintiff was employed by Defendant, having a place of business in Lee County, Florida, where Plaintiff worked for Defendant.

6. Venue is proper in Lee County, Florida because all of the actions that form the basis of this Complaint occurred within Lee County, Florida and payment was due in Lee County, Florida.

7. Defendant was a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

9. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination and the Plaintiff has requested or otherwise obtained the Notice and Right to Sue. Plaintiff is now timely filing suit.

11. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

12. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff was employed by Walmart on or about October 12, 2016, as a Stocking Associate.

14. Plaintiff is a Black Haitian female and was pregnant at the time of the incidents.

15. Plaintiff had previously informed HR Representative Nicole, Coach Miguel, and Team Lead Dylan about her pregnancy so they would understand her need for frequent bathroom breaks and potential work restrictions.

16. On or about February 24, while working as a CAP 1 Associate from 5:00 a.m. to 2:00 p.m., Plaintiff and her coworkers were instructed to work freight that the overnight associates had not completed.

17. Team Lead Alice requested Plaintiff's assistance in the grocery area and gave Plaintiff a pallet of cereal to work on before her break at 7:00 a.m.

18. Plaintiff placed some freight in her top stock cart to ensure it was not taken by others, as often happened if freight was left unsecured.

19. Plaintiff showed Alice the overstock and was given additional items to verify. Plaintiff told Alice she would verify everything after her break.

20. After Plaintiff's break, she resumed working on verifying the overstock from the previous night.

21. Coach Vince (Caucasian/White male) approached Plaintiff appearing upset about notes left for him and instructed Plaintiff to complete returns from a shopping cart that contained heavy items from the automotive section.

22. Plaintiff told Vince she could not complete the task because she was pregnant and did not want to lift heavy items that could harm her baby.

3

23. Vince insisted Plaintiff complete the task, speaking in a hostile tone.

24. Another associate, Stephanie, witnessed the interaction between Plaintiff and Vince.

25. When Plaintiff refused Vince's demand, he suggested they go to the office. Plaintiff declined, and Vince threatened to coach her on the sales floor.

26. At that time, Store Manager Dee (Asian male) and Coach David walked by. Plaintiff told Dee that Vince was asking her to handle heavy returns despite her pregnancy.

27. Dee responded that pregnancy did not prevent Plaintiff from doing returns, without looking at or assessing the cart, which Plaintiff described as huge and heavy.

28. Male employees were given lighter items to handle, while Plaintiff was instructed to complete the heavy returns.

29. Plaintiff was told to go home that day. Plaintiff was not formally informed she was fired at that time.

30. Plaintiff contacted Walmart's ethics hotline but received no response. Plaintiff also called Walmart corporate but received no assistance.

31. Plaintiff applied for leave under her short-term and long-term disability benefits and contacted Sedgwick, receiving a case number.

32. Sedgwick later informed Plaintiff that she had been terminated and her claim could not proceed.

33. Plaintiff had not been notified by Walmart of her termination until Sedgwick told her.

34. The same day Sedgwick informed Plaintiff of her termination, she was removed from the work schedule.

35. Throughout Plaintiff employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory level.

36. Any reason proffered by Plaintiff employer for the adverse employment actions is mere pretext for unlawful discrimination.

37. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Discrimination based on Race and Color in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

39. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, national origin, racial considerations, or color-based reasons.

40. Plaintiff possessed the requisite qualifications and skills to perform the position for The Defendant.

41. Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-Black employees were allowed opportunities not given to Plaintiff due to Plaintiff's race.

42. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

43. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action, and she has incurred the costs of litigation.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against The Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

E. Plaintiff demands a trial by jury.

## COUNT II
### *Pregnancy Discrimination in Violation of the FCRA*

44. Plaintiff re-adopts each and every factual allegation of this complaint as stated in paragraphs 1-37 as if set out in full herein.

45. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant.

46. During the relevant period of this action, Plaintiff was a pregnant female and is thus a member of a class of persons protected against discrimination in their employment under the FCRA, as related in part above because of Plaintiff's pregnancy status and subjected the Plaintiff to adverse employment action(s) and/or animosity based on her pregnancy status.

47. Such discrimination was based upon the Plaintiff's pregnancy status in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was pregnant during

the relevant period of this action.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of pregnancy was unlawful but acted in reckless disregard of the law.

49. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

50. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

51. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

52. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

53. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, loss of enjoyment of life, and other forms of emotional distress damages.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
*Retaliation in Violation of the FCRA*

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this Complaint as if set out in full herein.

56. Defendant is an employer as that term is used under the applicable statutes referenced above.

57. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff

reported unlawful employment practices adversely affecting him under the FCRA.

58. The foregoing unlawful actions by Defendant were done purposefully.

59. Plaintiff voiced her opposition to the unlawful employment practices to which she had been subjected during her employment with Defendant, and as a result, she became the victim of retaliation, as described in part above.

60. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

61. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

62. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

E. Full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Hostile Work Environment in Violation of the FCRA*

63. Plaintiff re-adopts each and every factual allegation as stated in 1-37 of this Complaint as if set out in full herein.

64. Defendant is an employer as that term is used under the applicable statutes referenced above.

65. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

66. Plaintiff as a Black, Haitian, pregnant female, is within a protected class as envisioned by the FCRA.

67. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

68. The harassment Plaintiff endured by Defendant was predicated on Plaintiff being a Black, Haitian, pregnant female, is within a protected class as envisioned by the FCRA.

69. The harassment was decidedly severe, as Defendant had continuously harassed at Plaintiff for being Black, Haitian, pregnant female.

70. The harassment Plaintiff endured was severe and pervasive where Plaintiff agonized going work as she continually feared the harassment. Such conduct occurred during each of

Plaintiff's workdays (not isolated to a single occurrence), was demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately terminated.

71. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

72. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

73. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action,

  or to an equivalent position.

 E. Reinstate full fringe benefits and seniority rights to Plaintiff.

 F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

 G. For a money judgment representing prejudgment interest.

 H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

 I. Grant Plaintiff a trial by jury; and

 J. Grant such other and further relief as the Court deems just and proper.

**COUNT V**
*Race Discrimination in Violation of 42 U.S.C. § 1981*

72. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

73. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

74. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

75. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black female.

76. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

77. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

78. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

79. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

80. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

81. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

82. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

83. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1981, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

    E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### *Retaliation in Violation of 42 U.S.C. § 1981*

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

85. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

86. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

87. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

88. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

89. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

90. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

91. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

92. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 13, 2025                                  Respectfully submitted,

/s/Peter M. Hoogerwoerd
**Peter M. Hoogerwoerd, Esq.**
Fla. Bar No.: 0188239
pmh@rgph.law
***REMER, GEORGES-PIERRE, & HOOGERWOERD PLLC***
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone